```
               UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
```

Todd S. Humphrey,                :
    Plaintiff,               :
                              :
    v.                        :   File No. 1:08-CV-101
                              :
Robert Hofmann, et al.,          :
    Defendants.              :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 1)

Plaintiff Todd Humphrey, a Vermont inmate proceeding *pro se*, has filed a proposed "Order to Show Cause and Permanent Injunction" and an accompanying affidavit. These are the first filings in this case. Humphrey has also filed an application to proceed *in forma pauperis*. After reviewing Humphrey's filings, and for reasons set forth more fully below, the claims therein are plainly frivolous and should be DISMISSED.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. §§ 1915(e)(2), 1915A(a) & (b). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Humphrey's affidavit sets forth a series of claims, the first of which allegedly involved Humphrey's use of "expert psychic skill."  By employing this skill, Humphrey was allegedly able to see that Vermont's Governor or Attorney General had come to the prison to look for him.  When they arrived, however, the prison's booking officer removed Humphrey's name from the head count.  His next allegation, which may be related to the first, claims that the Governor has tried to pardon him on three occasions.  Humphrey's proposed "Order to Show Cause and Permanent Injunction" requests that the pardons be recognized and that he be released.[1]

Humphrey's remaining allegations talk about proposed surgery on his rectum and make several references to rape.  He also reports having heard his mother's voice in prison, and that his wife has been brought places "at gun point."  Finally, Humphrey claims that he was "slandered to procure sexual use/rape effect of [his wife]."

---

[1] Because Humphrey is seeking release from prison, the Office of the Clerk of Court has classified this case as a habeas corpus proceeding. Given the delusional nature of the allegations, and in light of the bar on any second or successive habeas corpus filing, the Court should not construe this case as a proceeding under 28 U.S.C. § 2254.

An action is "frivolous" when either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy" or "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  Humphrey's allegations, including claims of psychic skill, hearing voices and gubernatorial pardons, are clearly delusional and should be dismissed as frivolous.  Leave to amend should not be granted, as any effort to amend these claims would be futile.  See Hom Sui Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002).

Accordingly, I recommend that this case be DISMISSED, and Humphrey's motion to proceed *in forma pauperis* (Paper 1) be DENIED as moot.  I further recommend that the dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated at Burlington, in the District of Vermont, this 7th day of May, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).